{¶ 14} I respectfully dissent. Although I agree with the majority's conclusion that Appellant voluntarily consented to the submission of the matter for arbitration, I disagree with the outcome as there was no potential for recovery pursuant to the complaint due to the absence of an agreement in regards to Appellant's allocable share of the capital improvements.
 {¶ 15} The 1967 contract merely indicated that Appellant's share of the capital improvements would be allocated "upon such terms as are mutually agreed upon and incorporated, if so determined to be necessary or desirable, in an agreement supplemental hereto." Thus, even though I do not agree with Appellant's assertions that the arbitration panel essentially rewrote the contract when arriving at a specific dollar amount, I do believe the panel exceeded its authority when purporting to calculate Appellant's share of the costs under the guise that the share could be discerned pursuant to an interpretation of the contract or the rights, obligations, and liabilities arising thereunder. Had the panel simply found that the parties entered into an "agreement to agree" on an allocation of capital costs, were unsuccessful in doing so, and that Appellant breached that contract, I would affirm the trial court's confirmation of the arbitration award. However, as the panel appears to have based its award and findings on an interpretation of the 1967 agreement, I would reverse the trial court's decision to confirm the arbitration award.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.